UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CR-170 |
| ) | |
| JOHN L. PENNINGTON, also known as "RED," ) | |
| ROY GIBSON, and LARRY LIST, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following matters relating to various decisions made by Magistrate Judge C. Clifford Shirley, Jr.: an appeal by defendant Roy Gibson [Doc. 107]; appeals and objections by defendant Larry List [Docs. 108, 123, 137, 139]; and an appeal by defendant John Pennington [Doc. 111]. Each of these matters will be addressed in turn. In addition, the Court will address several matters decided by Magistrate Judge Shirley which have no objections.

### Severance Issues

Appeals, some of which are titled as objections, have been filed to Magistrate Judge Shirley's Memorandum and Order [Doc. 102] by defendant Gibson [Doc. 107], defendant List [Doc. 108], and defendant Pennington [Doc. 111]. Defendants Gibson and List argue that the Magistrate Judge clearly erred when he concluded that Counts Six and Seven of the Indictment are properly joined with the other counts of the Indictment under Rule 8 of the Federal Rules of Criminal Procedure. Defendant Pennington also argues that the Magistrate Judge clearly erred when he failed

to sever Counts Six and Seven under Rule 14 of the Federal Rules of Criminal Procedure because of probable *Bruton* problems.

As required by 28 U.S.C. § 636(b)(1)(A), the Court has carefully considered the appeals and the entire record and determines that Judge Shirley's rulings are neither clearly erroneous nor contrary to law. Accordingly, defendant Gibson's appeal [Doc. 107], defendant List's appeal [Doc. 108], and defendant Pennington's appeal [Doc.111] are hereby **OVERRULED**. With respect to defendant Pennington's appeal, the Court notes that Magistrate Judge Shirley ultimately granted the government's motion to sever the trial of defendant List from the trial of defendants Pennington and Gibson because the *Bruton* problems were confirmed by the government [*see* Memorandum and Order, Doc. 126].

Defendant List has also filed an appeal [Doc. 137] of Magistrate Judge Shirley's Memorandum and Order [Doc. 136] in which he denied defendant List's motion to sever Count One from Counts Six and Seven under Rule 14 of the Federal Rules of Criminal Procedure. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court has carefully considered the appeal and the entire record and concludes that Magistrate Judge Shirley's decision is neither clearly erroneous nor contrary to law. Accordingly, defendant List's appeal [Doc. 137] is hereby **OVERRULED**.

### Speedy Trial Issues

Defendant List has filed objections [Doc. 123] to Magistrate Judge Shirley's Report and Recommendation [Doc. 117], which recommended that defendant List's motion to dismiss [Doc. 52] be denied because there was no violation of the Speedy Trial Act. Defendant List argues (1) that "the Magistrate Judge clearly erred when he concluded that the twelve (12) days during which the

2

Case 3:04-cr-00170   Document 146   Filed 05/09/05   Page 2 of 5   PageID #: 85

Court had the Agreed Order extending the motion deadline "under advisement" are excludable under the Speedy Trial Act," and (2) that "the Magistrate Judge clearly erred when he concluded that *ex parte* motions filed by the government should be treated like all other pretrial motions for purposes of the Speedy Trial Act."

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of the Report and Recommendation. In doing so, the Court has carefully reviewed the objections, the briefs, and the entire record. As a result, the Court concludes that Magistrate Judge Shirley has thoroughly and correctly analyzed the facts and legal issues presented by the defendant's motion to dismiss. Defendant List's objections [Doc. 123] are hereby **OVERRULED**, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 117] of Magistrate Judge Shirley, and defendant List's motion to dismiss [Doc. 52] is hereby **DENIED**.

Defendant List has also filed an appeal [Doc. 139] of Magistrate Judge Shirley's Memorandum and Order [Doc. 135], in which he continued defendant List's trial from May 2, 2005 to May 16, 2005 in order to comply with the requirements of the Speedy Trial Act. In his appeal, defendant List argues that the Magistrate Judge clearly erred when he concluded that the fourteen (14) days between May 2 and May 16 are excludable from the Speedy Trial clock. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court has carefully considered the appeal and the entire record and determines that Magistrate Judge Shirley's ruling is neither clearly erroneous nor contrary to law. Accordingly, defendant List's appeal [Doc. 139] is hereby **OVERRULED**.

**Kastigar Issues**

With respect to Magistrate Judge Shirley's Report and Recommendation [Doc. 104], defendant List filed an objection [Doc. 108] arguing that "[t]he Magistrate Judge clearly erred when he concluded that the proffer made by the Defendant, Larry List, was not used as evidence, in any way, during the grand jury proceeding and, therefore, there is no basis to suppress any evidence as the fruits of the Defendant's proffer and no basis for holding a Kastigar-type hearing."

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of the Report and Recommendation. In doing so, the Court has carefully reviewed the objection, the briefs, and the entire record. As a result, the Court concludes that Magistrate Judge Shirley has thoroughly and correctly analyzed the facts and legal issues presented by the defendant's motion to suppress fruits of defendant's proffer and motion for a Kastigar hearing [Doc. 44]. Defendant List's objection [Doc. 108] is hereby **OVERRULED**, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 104] of Magistrate Judge Shirley , and defendant List's motion to suppress fruits of defendant's proffer and motion for a Kastigar hearing [Doc. 44] is hereby **DENIED**.

**Remaining Issues**

There being no timely objection by defendant List, *see* 28 U.S.C. § 636(b)(1), and the Court being in complete agreement with Magistrate Judge Shirley, the Report and Recommendation [Doc. 101] is hereby **ACCEPTED IN WHOLE** whereby defendant List's motion to suppress [Doc. 42] is hereby **DENIED**.

There being no timely objection by defendant Gibson or defendant List, *see* 28 U.S.C. § 636(b)(1), and the Court being in complete agreement with Magistrate Judge Shirley, the Report and

4

Recommendation [Doc. 103] is hereby **ACCEPTED IN WHOLE** whereby defendant Gibson's motion to dismiss [Doc. 73], joined in by defendant List [*see* Docs. 80, 99], is hereby **DENIED**.

**Conclusion**

For the reasons stated herein, the Court concludes that:

(1) the appeal by defendant Gibson [Doc. 107], the appeals by defendant List [Docs. 108, 137, and 139], and the appeal by defendant Pennington [Doc. 111] are hereby **OVERRULED**;

(2) the objections by defendant List [Doc. 123] are hereby **OVERRULED**, the Report and Recommendation [Doc. 117] is hereby **ACCEPTED IN WHOLE**, and defendant List's motion to dismiss [Doc. 52] is hereby **DENIED**; and

(3) the objection by defendant List [Doc. 108] is hereby **OVERRULED**, the Report and Recommendation [Doc. 104] is hereby **ACCEPTED IN WHOLE**, and defendant List's motion to suppress fruits of defendant's proffer and motion for a Kastigar hearing [Doc. 44] is hereby **DENIED**;

(4) the Report and Recommendation [Doc. 101] is hereby **ACCEPTED IN WHOLE** and defendant List's motion to suppress [Doc. 42] is hereby **DENIED**; and

(5) the Report and Recommendation [Doc. 103] is hereby **ACCEPTED IN WHOLE** and defendant Gibson's motion to dismiss [Doc. 73], joined in by defendant List [*see* Docs. 80, 99], is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE