UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CR-170 |
| | ) | | (VARLAN/SHIRLEY) |
| JOHN L. PENNINGTON, | ) | | |
| also known as "RED," | ) | | |
| ROY GIBSON, and LARRY LIST, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant List's Amended Motion for Judgment of Acquittal [Doc. 192]. Specifically, defendant seeks a judgment of acquittal on Count One of the Third Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute marijuana and cocaine in violation of 21 U.S.C. § 846 [*see* Doc. 142]. Defendant also seeks a judgment of acquittal on Count Seven of that same indictment, charging him with carrying a gun "during and in relation to" drug trafficking activities in violation of 18 U.S.C. § 924(c)(1) [*see id.*]. The government opposes defendant List's motion on the grounds that defendant's argument is "squarely premised on the credibility of Drug Enforcement Administration Special Agent Dave Lewis and government witnesses Danny Gibson, Reed McAbee, Clyde Taylor, and David Rains." [Doc. 188; *see also* Docs. 194, 197]. Pursuant to defendant List's motion [*see* Doc. 193], the Court heard oral argument on this motion on September 12, 2005.

An order granting defendant's motion for judgment of acquittal shall be entered "if the evidence is insufficient to sustain conviction of such offense." Fed. R. Crim. P. 29(a). The Court's standard of review is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Martin*, 897 F.2d 1368, 1373 (6th Cir. 1990) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When deciding a motion for judgment of acquittal, the district court must not make independent determinations regarding the credibility of witnesses or the weight to be given such evidence. *United States v. Walls,* 293 F.3d 959, 967 (6th Cir. 2002) (citing *United States v. Welsh*, 97 F.3d 142, 148-51 (6th Cir. 1996)). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994) (citing *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986), *cert. denied*, 476 U.S. 1123 (1986)).

Furthermore, jury verdicts do not have to be consistent in order to be upheld. *See United States v. Powell*, 469 U.S. 57, 67-69 (1984); *United States v. LeMaster*, 54 F.3d 1224, 1233 (6th Cir. 1995). Inconsistent verdicts alone do not create the insufficiency of the evidence grounds necessary for a motion for judgment of acquittal. *See United States v. McCall*, 85 F.3d 1193, 1197 (6th Cir. 1996). Finally, where a defendant was not convicted of mutually exclusive offenses, inconsistent verdicts are insulated from review. *See United States v. Miller*, 161 F.3d 977, 985 (6th Cir. 1998), *cert. denied*, 526 U.S. 1029 (1999)).

2

In the instant case, defendant List contends there was insufficient evidence to support his conviction on Count One of the Third Superseding Indictment [Doc. 142] based on two arguments. First, defendant contends that the Court erred in allowing Danny Gibson to testify to statements made to him by Roy Gibson [*see* Doc. 192]. In support of his argument, defendant argues that the statements in question were about past associations and related to defendant's work on race car motors; and as such, they were not "in furtherance of" a conspiracy and, consequently, should have been ruled inadmissible.

A challenge to the Court's ruling on the admissibility of certain evidence is not properly brought in a motion for judgment of acquittal, which only allows for a review of the sufficiency of the evidence presented to the jury. *See* Fed. R. Crim. P. 29. Defendant properly preserves the question of the the admissibility of certain evidence by following the procedure established by the Federal Rules of Evidence. *See* Fed. R. Evid 103. Defendant properly preserves the question of the sufficiency of the evidence by making a motion for judgment of acquittal pursuant to the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 29. Arguing that the evidence would be insufficient to support the verdict if the Court had ruled certain evidence inadmissible does bring the claim within the realm of a motion for judgment of acquittal.

Nevertheless, the Court is satisfied that the statements in question were properly before the jury. Although "idle chatter" is not admissible, statements "in furtherance of" a conspiracy can take many forms. *See United States v. Tocco*, 200 F.3d, 401, 419 (6th Cir. 2000) (quoting *United States v. Doerr*, 886 F.2d 944, 951-52 (7th Cir.1989)). In addition,

a statement may be admissible as "in furtherance of" a conspiracy even if "not 'exclusively, or even primarily, made to further the conspiracy.'" *United States v. Shores*, 33 F.3d 438, 444 (4th Cir. 1994) (quoting *United States v. Shoffner*, 826 F.2d 619, 628 (7th Cir.1987)), *cited with approval in Tocco*, 200 F.3d at 419.

Based on the evidence presented at trial, the Court is satisfied that there was a conspiracy at the time of both statements and that those who made and heard the statements in question were involved in a conspiracy that included defendant List. The 1998 statement to Danny Gibson was one in which Roy Gibson vouched for defendant List. Although the statement may not have been "exclusively, or even primarily, made to further the conspiracy," it had the effect of furthering the conspiracy by encouraging Danny Gibson to associate with defendant List. Similarly, the 1999 statement to Danny Gibson was one in which Roy Gibson claimed defendant List had cheated him. Although this statement may not have been "exclusively, or even primarily, made to further the conspiracy," it had the effect of furthering the conspiracy by discouraging Danny Gibson from associating with defendant List.

In each case, the statements occurred during the course of the conspiracy and had the effect of furthering the conspiracy by signaling to Danny Gibson the extent of defendant List's relationship with Roy Gibson and defendant List's changing role in the conspiracy. Therefore, the Court finds that the statements were properly admitted as statements made "during the course and in furtherance of" the conspiracy. *See* Fed. R. Evid. 801(d)(2)(E).

Turning to defendant List's second argument as to Count One, he argues that even if such statements were properly admitted, there is sufficient evidence to sustain the defense of withdrawal [*see* Doc. 192]. In support of his claim, defendant credits the testimony of Jason Welshon and Frank Tipton indicating defendant List's relationship with Roy Gibson ended in June 1999 and discounts the government's evidence of telephone contact between Roy Gibson's telephone numbers and defendant List's telephone numbers after June 1999. The Court, however, cannot make independent determinations regarding the credibility of witnesses or the weight to be given such evidence. *See Walls*, 293 F.3d at 967 (citation omitted). Viewing the evidence in the light most favorable to the prosecution, the Court finds the evidence considered in favor of the government was sufficient to sustain defendant's conviction on Count One. *See Martin*, 897 F.2d 1373. The jury could rationally credit the government's evidence of ongoing telephone contact and discount the testimony of Jason Welshon and Frank Tipton to reject a claim of withdrawal.

Defendant List also contends there was insufficient evidence to support his conviction on Count Seven of the Third Superseding Indictment [Doc. 142], because "there is no evidence from which a rational jury could have found that the [d]efendant carried or possessed the firearm to facilitate or further the crime charged in Count Six or to advance or promote the commission of the crime charged in Count Six." [Doc. 192]. In support of this claim, defendant seeks to discount the testimony of Special Agent Lewis, while crediting defendant's own post-arrest statement and the testimony of Danny Gibson and David List. The Court, however, cannot make independent determinations regarding the credibility of

5

witnesses or the weight to be given such evidence. *See Walls*, 293 F.3d at 967 (citation omitted). Viewing the evidence in the light most favorable to the prosecution, the Court finds the evidence considered in favor of the government was sufficient to sustain defendant's conviction on Count Seven. *See Martin*, 897 F.2d 1373. The jury could rationally credit Special Agent Lewis' testimony and discount defendant's own statement along with the statements of Danny Gibson and David List to find defendant guilty on Count Seven.

Therefore, for the reasons set forth above, defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 is hereby **DENIED**.

ENTER:


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6